# THE PEOPLE OF THE STATE OF NEW YORK *v.* THE KNICKERBOCKER LIFE INSURANCE COMPANY.

*Receiver of an insolvent life insurance company — must file his accounts with the General Term — power of that court over them — it may appoint a referee to determine as to the amount and value of the services rendered to the receiver by attorneys and counsellors — 1883, chap. 378, sec. 4.*

Chapter 378 of 1883 requiring the accounts of the receiver of an insolvent insurance company to be filed with the General Term of the Supreme Court, does not require that court to pass upon their correctness or to determine whether or not they should be approved; it requires nothing more than that they shall be placed upon the files of the court.

Where the accounts so filed embrace many items paid as fees to attorneys and counsel, the correctness of which the court cannot determine from a mere inspection of the account, it will appoint a referee to determine whether the services have been rendered, and whether the charges made therefor are just and proper, notice of the hearing before him being required to be given to the attorney general and the receiver.

Motion to have the accounts presented to the General Term by a receiver of an insolvent life insurance company, as required by section 4, chapter 378 of 1883, approved.

The accounts, as filed by the receiver, had upon them the following indorsement: "The within accounts are hereby approved, dated," etc.

The court, upon being requested to sign this, refused to do so upon the grounds stated in the following opinion:

*Edward H. Hobbs*, for the receiver.

*Raphael J. Moses, Jr.*, for certain policyholders.

*Denis O'Brien*, attorney general, for the people.

Per Curiam:

An erroneous impression seems to exist as to the duty of the General Term in reference to receivers' accounts to be filed in pursuance of chapter 378 of the Laws of 1883. Section 4 only requires that such accounts be filed in the court. The court is not called upon to pass on their correctness or to determine whether

or not they should be approved. The statute seems simply to contemplate that they shall be placed upon the files of the court.

The statute requires that in respect to attorney and counsel fees contained in such report, nothing shall be paid by the receiver until such charges have been approved of by the court, and an order to that effect duly entered. In this case a very large bill is presented extending through six months and embracing a vast number of items, the correctness of which the court has no means of ascertaining, except by a reference or by examination in court of the parties interested therein. We think in this case it is our duty to order a reference to determine whether the services have been rendered and whether the charges are just and proper; such reference to be had upon notice to the attorney general and the receiver. Any party interested in the funds of the receivership may be heard thereon.

The court, therefore, directs that an order be entered, referring the same to Joseph S. Auerbach, Esq., to take proof of the correctness of the charges and to report the same to this court with his opinion.

Present — Davis, P. J., Brady and Daniels, JJ.

Receiver's accounts ordered on file without approval. Order of reference directed, as to attorneys' fees.